1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
JOHN JARDINE, Administrator of the          )
Estate of Warren Vaupel,                         )          No. C12-1421RSL
                                                    )
                          Plaintiff,             )
          v.                                        )          ORDER GRANTING MOTION TO
                                                    )          DISMISS FOR LACK OF SUBJECT
UNITED STATES OF AMERICA,                   )          MATTER JURISDICTION
                                                    )
                          Defendant.           )
_____)

         This matter comes before the Court on the "United States' Motion to Dismiss."

Dkt. # 8.  The United States Internal Revenue Service ("IRS") denied plaintiff's claim for a

refund of federal income taxes as barred by the three-year limitations period.  26 U.S.C.

§ 6511(b)(2)(A).  While plaintiff concedes that the refund claim was filed more than three years

from the date the return was filed or two years from the time the tax was paid, he argues that the

limitations period was tolled because the taxpayer was under a financial disability during much

of the relevant period.

         In United States v. Brockamp, 519 U.S. 347, 350 (1997), the Supreme Court

unanimously concluded that equitable tolling of the time limitations set forth in 26 U.S.C.

§ 6511 on nonstatutory grounds was inappropriate.  The following year, Congress enacted 26

U.S.C. § 6511(h) to statutorily suspend the running of the limitations period while a taxpayer is

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF JURISDICTION

unable to manage his or her financial affairs due to a disability.  The statute generally defines financial disability and states that "[a]n individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require."  26 U.S.C. § 6511(h)(2)(A).  Revenue Procedure 99-21, issued by the IRS in 1999, sets forth the "form and manner" the Secretary requires to prove that a taxpayer was "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment."  Id.

SECTION 1.  PURPOSE
This revenue procedure describes the information that is required under § 6511(h)(2)(A) of the Internal Revenue Code in order to request suspension of the period of limitations under § 6511 for claiming a credit or refund of tax due to an individual taxpayer's financial disability.  This information is required to be submitted with the taxpayer's claim for credit or refund of tax.

\* \* \* \*

SECTION 4.  PROCEDURE
Unless otherwise provided in IRS forms and instructions, the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).

(1) a written statement by a physician . . . qualified to make the determination, that sets forth:

      (a) the name and description of the taxpayer's physical or mental impairment;

      (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;

      (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;

      (d) to the best of the physician's knowledge, the specific time period during

which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

(e) the following certification, signed by the physician:

I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

(2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section.  Alternatively, if a person [were] authorized to act on behalf of the taxpayer in financial matters during any party of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

Rev. Proc. 99-21.

It is undisputed that the claim for refund filed on behalf of the taxpayer in this case did not comply with Rev. Proc. 99-21.  Although plaintiff now claims that the taxpayer was financially disabled from 2003 onward, the documents submitted to the IRS in support of the claimed financial disability showed only that, as of July 2009, the taxpayer had cognitive deficiencies, was unable to manage his financial affairs, and had a court appointed legal guardian.  Neither certifying physician attempted to link the taxpayer's disability and/or financial incapacity to any time period before July 2009.  Considered as a whole, the documents submitted to the IRS failed to reveal any period of financial disability, and the claim for refund was denied.

Although the sovereign has waived its immunity and consented to suit by a taxpayer seeking a tax refund, the waiver is limited by 26 U.S.C. § 7422(a) which requires the timely filing of an administrative refund claim as a jurisdictional prerequisite to bringing suit in federal court.  Zeier v. U.S. Internal Revenue Serv., 80 F.3d 1360, 1363 (9th Cir. 1996).  Plaintiff argues that he satisfied the jurisdictional hurdle by filing an administrative claim,

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF JURISDICTION                    -3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

regardless of its defects, and is therefore entitled to appeal the denial.  Simply filing a claim for refund and putting the IRS on notice that the taxpayer is alleging financial disability is not sufficient, however.  See Abston v. Comm'r of Internal Rev. Serv., 691 F.3d 992, 995 (8th Cir. 2012) (collecting cases in which appeals were dismissed as time-barred where taxpayer's administrative claim of financial disability was not supported by a physician's statement that complied with Rev. Proc. 99-21).  Plaintiff's argument, if accepted, would gut the administrative process, depriving the IRS of an opportunity to evaluate the taxpayer's evidence of financial disability and ignoring Congress' instruction that "[a]n individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require."  26 U.S.C. § 6511(h)(2)(A).

Plaintiff relies on a handful of cases in which courts were willing to exercise jurisdiction despite certain defects in the proof offered to show financial disability.  See Bowman v. Internal Revenue Serv., 105 A.F.T.R.2d 2010-2211 (E.D. Cal. Apr. 30, 2010); Walter v. United States of Am., 104 A.F.T.R.2d 2009-7761 (W.D. Pa. Dec. 16, 2009). Assuming, for purposes of this motion, that this Court is free to ignore the Supreme Court's admonition against equitable tolling of the time limitations set forth in 26 U.S.C. § 6511 (see Brockamp, 519 U.S. at 350), it will not do so in this case.  This is not a situation in which the physician statement and taxpayer certifications, while technically defective, substantially complied with Rev. Proc. 99-21 and gave rise to a reasonable inference that the taxpayer was financially disabled during the statutory limitations period.  Rather, plaintiff's submission to the IRS provided no evidence regarding the taxpayer's physical or mental state prior to the date the taxpayer obtained a court-appointed guardian.  As far as the IRS was aware, there was no period of financial disability (as that term is defined in the statute), and the claim for refund was properly denied.  Having failed to inform the administrative agency of the basis of his claim that he was financially disabled during the limitations period, the taxpayer cannot now assert that the

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF JURISDICTION          -4-

failure of proof was merely technical.  The IRS was deprived of an opportunity to consider and decide the primary issue in this case – whether the taxpayer was unable to manage his financial affairs during the limitations period by reason of a medically determinable physical or mental impairment.  It is exactly this sort of failure that deprives the Court of jurisdiction over plaintiff's appeal.

> [W]hile the court in no sense intends to denigrate the seriousness of the [taxpayer's illness], it cannot deprive the United States of sovereign immunity where []he has failed to produce a physician's medical opinion that []he suffered from a physical impairment that prevented [him] from managing [his] financial affairs . . . and that specifies the period, as required by Revenue Procedure 99-21.  [Plaintiff] has therefore failed to adduce evidence that would permit the finding that the limitations period was tolled under 26 U.S.C. § 6511(h).  Because [his] refund claim is untimely, []he has failed to fall within the statutory waiver of sovereign immunity, and the court lacks jurisdiction in this case.

Henry v. U.S., 98 A.F.T.R.2d 2006-8359 (N.D. Tex. Dec. 26, 2006).

For all of the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

Dated this 17th day of January, 2013.

*MMS Lasnik*

Robert S. Lasnik
United States District Judge